948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TRUSTEES OF JOHN STEWART UNITED METHODIST CHURCH, Plaintiff-Appellant,
v.
GENERAL ACCIDENT INSURANCE COMPANY, a Corporation,
Defendant-Appellee.
GENERAL ACCIDENT INSURANCE COMPANY, Plaintiff-Appellee,
v.
Earnest O. NEAL; Irene Harris; William Hale, in their
capacities as Trustees of John Stewart Methodist
Church, Defendants-Appellants.
 Nos. 91-3018, 91-3019.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Nov. 19, 1991.
As Amended Nov. 26, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CA-90-86-1, CA-90-75-1)
 Argued: Joseph Franklin Long, Bluefield, W.V., for appellant; Paul K. Greer, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for appellee.
 On Brief: Paul K. Geer, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, WILKINSON, Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal involves two diversity actions between the trustees of John Stewart United Methodist Church (trustees) and their insurer, General Accident Insurance Company (General Accident). In the appeal from the first suit, a declaratory judgment action brought by General Accident, the question presented is whether the district court erred in denying the trustees' claim for attorney's fees. In the appeal from the second suit, a damages action brought by the trustees, the question presented is whether the district court erred in dismissing the complaint under Fed.R.Civ.P. 12(b)(6). We find no reversible error and affirm.
 
 
 2
 * A fire caused substantial damage to the John Stewart United Methodist Church on July 6, 1989. The trustees of the church filed a claim with General Accident, with whom the church carried a fire insurance policy having a $279,000 limit. A dispute developed between the trustees and General Accident over the extent of damages to the church and about how damages should be appraised. Seeking to resolve that dispute, General Accident filed a declaratory judgment action on January 25, 1990. General Accident sought an order giving instructions to the appraisers how to assess damages and requiring the parties to comply with that appraisal.
 
 
 3
 One day later, the trustees filed a complaint of their own. They alleged that General Accident had breached the insurance contract, had acted maliciously, and had failed to settle their insurance claim in good faith. They sought consequential damages, attorney's fees, and punitive damages.
 
 
 4
 The district court entered an order directing how the appraisal of the damaged church should proceed. The appraisal subsequently was held. Damages were determined to be $222,675. And the insurer promptly paid. At General Accident's request, the court dismissed the declaratory judgment action. The court, at the same time, denied the trustees' request for attorney's fees arising from that action.
 
 
 5
 The district court also dismissed the trustees' damages action under Rule 12(b)(6). It found insufficient evidence as a matter of law to support any of the trustees' claims under West Virginia law.
 
 II
 
 6
 The trustees contend that they are entitled to attorney's fees for defending the declaratory judgment. In support of this argument, they rely principally on the following language from Hayseeds, Inc. v. State Farm Fire and Casualty, 352 S.E.2d 73, 80 (W.Va.1986): "whenever a policyholder must sue his own insurance company over any property damage claim, and the policyholder substantially prevails in the action, the company is liable for the payment of the policyholder's reasonable attorney's fees." Hayseeds does not support the trustees' argument for several reasons.
 
 
 7
 First, General Accident, not the trustees, brought the declaratory judgment action. It thus seems doubtful, as a preliminary matter, whether the trustees come within the "must sue his own insurance company" language of Hayseeds.
 
 
 8
 Second, the relief sought by General Accident in the declaratory judgment action belies the contention that it intended to impede payment on the claim. The declaratory judgment action did not seek to avoid coverage. It sought to determine how much General Accident owed and, more particularly, how that amount should be appraised under the terms set out in the insurance contract for resolving such disputes. Seeking a judicial determination of the appropriate appraisal instructions, when both parties contest those instructions, does not impede payment of a claim. Thus the principal evil at which the Hayseeds rule is directed, delaying payment on a claim, id. at 77-80, does not apply in this instance.
 
 
 9
 Finally, it is hard to conceive how the trustees met their burden under Hayseeds of showing they "substantially prevail[ed]" in the declaratory judgment action. General Accident obtained the very relief it was seeking: an order indicating how the appraisal should proceed and compelling adherence to the appraisal award. Moreover, the appraisal instructions ordered by the court paralleled, with only two minor modifications, those requested by General Accident.
 
 
 10
 In short, the district court properly rejected the trustees' claim for attorney's fees incurred during the declaratory judgment action.
 
 III
 
 11
 The trustees next submit that the district court erred in dismissing their damages action under Rule 12(b)(6). Relying again on Hayseeds, the trustees argue that the district court's dismissal was premature. This argument, which we review de novo, also is rejected.
 
 
 12
 In Hayseeds the court held that a claim for punitive damages must be supported by evidence of a "malicious intention to injure or defraud." Id. at 80. The trustees say that "the malicious intent of the insurer was a desire to keep claim money within their control[ ] in order to obtain the investment income." In support of this argument, they point to footnote 2 in Hayseeds. That footnote, however, refers only to a "company-wide policy of delaying the payment of just claims." 352 S.E.2d at 81 n. 2. The trustees have presented no evidence of such a policy. Nor have they presented any other evidence that reasonably could be construed to reach the "actual malice" standard of Hayseeds. The punitive damages claim was properly dismissed.
 
 
 13
 Equally unavailing is the trustees' claim that the district court erred in dismissing their claims for consequential damages and for attorney's fees (in the damages action). The measure of success for these claims is the same as that described in part II above: if an insured "substantially prevails" in a "property damage suit" against an insurer, it is entitled to attorneys' fees, "damages for net economic loss caused by the delay in settlement, as well as an award for aggravation and inconvenience." Id. at 80. The trustees have not met the standard for relief under Hayseeds for two reasons.
 
 
 14
 First, unlike Hayseeds or the other cases upon which the trustees rely, the insurer did not pay the policy claim as the result of a settlement or a jury award. The policy claim was paid according to the terms of the insurance contract. The contract sets forth a process for obtaining an appraisal when the parties dispute what is owed. That process, together with two minor modifications made to it by the district court in connection with the declaratory judgment action, was followed in this case. The appraisers determined the amount it would take to repair the church, and General Accident promptly paid it. The trustees point to no precedent authorizing compensatory damages or attorneys' fees when the insurer, as here, pays a disputed claim on the basis of compliance with a dispute resolution process contained within the insurance contract.
 
 
 15
 Second, the trustees's contention that they "substantially prevail[ed]" is again meritless. The appraisal award falls approximately midway between the settlement offers made by the two parties before the trustees filed this action--$279,000 by the trustees; and $161,247.72 by General Accident. These claims also were properly dismissed.
 
 
 16
 Accordingly, the judgments of the district court are affirmed.*
 
 
 17
 AFFIRMED.
 
 
 
 *
 The "Appellee's Motion for Leave to File a Response to Appellant's Reply Brief" is denied